**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 19-08199-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Lance Julius Brown, Sr., | |
| Defendant. | |

Defendant is charged with assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). Docs. 1, 4. He is in federal custody at the Central Arizona Detention Center in Florence, Arizona. *See* Docs. 10, 40 at 5. On November 20, 2019, the Court found that Defendant may not be mentally competent to stand trial and committed him to the custody of the Attorney General for placement in a suitable facility for evaluation and restorative treatment. Doc. 31.

The government has moved for an extension of time, until February 25, 2020, to transport Defendant to the Federal Medical Center in Butner, North Carolina because bed space at the facility is not presently available. Docs. 36, 47. Defendant opposes the motion. Doc. 40. For reasons stated below, the Court will deny the motion.

In *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1122 (9th Cir. 2003), this Circuit concluded that "[h]olding incapacitated criminal defendants in jail for weeks or months violates their due process rights because the nature and duration of their

incarceration bear no reasonable relation to the evaluative and restorative purposes for which courts commit those individuals." 322 F.3d at 1122. The Ninth Circuit upheld the district court's injunction requiring the Oregon State Hospital to admit mentally incompetent criminal defendants within seven days of a judicial finding of incompetency. *Id.* at 1123. The court of appeals found that the Hospital's delay in admitting such defendants due to a lack of bed space resulted in "significant, ongoing violations of substantive and procedural due process[.]" *Id.* at 1105, 1122; *see also Jackson v. Indiana*, 406 U.S. 715, 731 (1972) (holding that "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process").

The government asserts that it has a compelling interest in bringing Defendant to trial for his alleged crime. Doc. 47 at 5. This undoubtedly is true, but delaying restorative treatment does not further that interest. The government also asserts that the delay "is the unfortunate reality of limited government resources." *Id.* But the Ninth Circuit made clear in *Mink* that "[l]ack of funds, staff or facilities cannot justify the . . . failure to provide [incompetent defendants] with the treatment necessary for rehabilitation." 322 F.3d at 1121.

The cases cited by the government, *United States v. Kabinto*, 2010 WL 3851998, CR-08-1079-PCT-DGC (D. Ariz. July 31, 2009), and *United States v. Zapata-Herrera*, No. 14-CR-3639-GPC, 2015 WL 4878319 (S.D. Cal. Aug. 14, 2015), are not helpful. They involve motions to dismiss indictments based on delays in restorative treatment, and the standard for dismissal is a high bar – outrageous government misconduct is required. *See Kabinto*, 2010 WL 3851998, at *1-2 (noting that the defendant cited "[no] case in which criminal charges were dismissed based on the due process violations identified in *Jackson* or *Mink*"); *Zapata-Herrera*, No. 14-CR-3639-GPC, 2015 WL 4878319, at *2-3 (finding that while *Mink* "strongly support[s] the conclusion that [the defendant's] due process rights have been violated," the delay in treatment "does not amount to the government misconduct necessary to dismiss the indictment"). *Mink*, rather than these dismissal cases,

provides the relevant standard for this decision, and dictates that the government's motion be denied.

**IT IS ORDERED** that the government's motion for extension of commitment (Doc. 36) is **denied**.

Dated this 27th day of January, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge